UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE RENE SCOTT, | No. 2:20-cv-0904 CKD P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| STU SHERMAN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paid the filing fee.

In the instant petition, petitioner challenges his 2003 conviction for three counts of second degree robbery and one count of being a felon in the possession of a firearm with additional firearm enhancements. (ECF No. 1 at 1.) He received a sentence of 116 years to life. (Id.)

This court's records show that petitioner has previously filed two applications for a writ of habeas corpus attacking the conviction and sentence challenged in this case. The first prior application was filed by the Clerk of the Court on June 14, 2010,[1] and was denied as untimely on September 26, 2012. Scott v. Swarthout, No. 2:10-cv-0824 JAM CKD (E.D. Cal.), ECF Nos. 9, 46. The second prior application was filed by the Clerk of the court on November 20, 2017, and

---

[1] The action was initiated on April 7, 2010, when the Clerk of the Court received petitioner's motion for tolling and the petition was not received until June 14, 2010.

1

1 was denied as successive on March 14, 2018.  Scott v. Sherman, No. 2:17-cv-2444 TLN GGH
2 (E.D. Cal.), ECF Nos. 1, 13.  This court takes judicial notice of the records in those proceedings.
3 United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of
4 its own records in other cases.").  The Ninth Circuit has held "that the dismissal of a habeas
5 petition as untimely constitutes a disposition on the merits and that a further petition challenging
6 the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)."
7 McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

8 Under 28 U.S.C. § 2244(b)(3)(A), a second or successive application for habeas relief
9 may not be filed in district court without prior authorization by the court of appeals.  Felker v.
10 Turpin, 518 U.S. 651, 657 (1996).  Prior authorization is a jurisdictional requisite.  Burton v.
11 Stewart, 549 U.S. 147, 152-53 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001)
12 (once district court has recognized a petition as second or successive pursuant to § 2244(b), it
13 lacks jurisdiction to consider the merits).  A petition is successive within the meaning of 28
14 U.S.C. § 2244(b) where it "seeks to add a new ground for relief" or "if it attacks the federal
15 court's previous resolution of a claim *on the merits*."  Gonzalez v. Crosby, 545 U.S. 524, 532
16 (2005) (emphasis in original).  "[A] 'claim' as used in § 2244(b) is an asserted federal basis for
17 relief from a state court's judgment of conviction."  Id. at 530.  "Even if a petitioner can
18 demonstrate that he qualifies for one of [the] exceptions [to filing a second or successive
19 petition], he must seek authorization from the court of appeals before filing his new petition with
20 the district court."  Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008) (citing 28 U.S.C. §
21 2244(b)(3)).

22 Before petitioner can proceed on his claims, he must submit a request to the United States
23 Court of Appeals for the Ninth Circuit to issue an order authorizing the district court to consider
24 the application and that request must be granted.  28 U.S.C. § 2244(b)(3).  Petitioner has not
25 provided any evidence that he has received the required authorization.  The undersigned will
26 therefore recommend that this action be dismissed without prejudice to re-filing once petitioner
27 receives authorization to proceed from the Ninth Circuit.

28 Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a

United States District Judge to this action.

IT IS FURTHER RECOMMENDED that this action be dismissed without prejudice as an unauthorized successive petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In his objections, movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See 28 U.S.C. § 2255(c)(1).

Dated:  May 7, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:scot0904.successive.f&r

3